**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0217-22

PAUL B. DALNOKY,

    Plaintiff-Appellant,

v.

PINELANDS REGIONAL
SCHOOL DISTRICT,

    Defendant-Respondent.

_____

Submitted October 12, 2023 – Decided December 8, 2023

Before Judges Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey,
Law Division, Atlantic County, Docket No.
L-0912-22.

Paul B. Dalnoky, appellant pro se.

Lenox, Socey, Formidoni, Giordano, Lang, Carrigg &
Casey, LLC, attorneys for Respondent. (Patrick F.
Carrigg, on the brief).

PER CURIAM

Plaintiff Paul B. Dalnoky appeals from a June 15, 2022 order denying his application for student records from defendant, Pinelands Regional School District (District), pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13. Plaintiff argues the court incorrectly determined his claim was time barred by OPRA's statute of limitations and that he was entitled to the requested records. Because we agree plaintiff's complaint was untimely, we affirm.

The essential facts here are undisputed. Plaintiff was employed as a substitute teacher at Pinelands Regional High School from 2018 to 2020. During his tenure, students recorded plaintiff sleeping in the classroom and raising his voice at students. The District terminated his employment after viewing the cell phone recordings provided by students.

On September 17, 2020, plaintiff filed an OPRA request seeking "electronic copies of the three audio [or] video recordings surreptitiously made of me at your high school by the students" and "all of the [metadata] associated with the [requested] recordings."

On October 23, 2020, the District's custodian of records—responsible for responding to OPRA requests—sent a written correspondence denying plaintiff's request stating: "student records and student confidential

A-0217-22

information" are exempt from disclosure under OPRA. In that same correspondence, the custodian of records acknowledged the existence of the students' videos and offered plaintiff an opportunity to view the recordings in person.

Following the October 23, 2020 denial of his initial OPRA request, plaintiff filed six additional requests on the following dates: April 25, 2021, May 6, 2021, May 9, 2021, November 15, 2021, February 20, 2022, and April 11, 2022. In each request, plaintiff sought the same audio and video recordings and associated metadata.

Specifically, on April 25, 2021, plaintiff requested, "all of the metadata in your possession" associated with " . . . audio and videotapes your students made of me." On May 6, 2021, plaintiff requested, "any documents regarding your students' surreptitious audio and videotaping of me." Two days later, on May 9, 2021, he requested, "[t]he metadata only, not the actual videotapes, made of me . . . during my teaching duties at your high school." On November 15, 2021, he requested, "[a]ll documents in whatever form, including electronic, with respect to the surreptitious audio and videotapes made of me . . . including the metadata." On February 20, 2022, he requested, "the metadata associated with the three surreptitiously recorded audio and videotapes . . . [t]he email addresses

associated with these three students," and "[a]ll of the emails sent by you to your administrators, along with the associated metadata, which make reference to any of the . . . audio and videotapes" and "[a]ll of the emails exchanged between your administrators and present and former students, along with the associated metadata, which make references to any of the . . . audio and videotapes." On April 11, 2022, he requested, "[o]nly those portions of the metadata associated with each of the three . . . audio and videotapes taken of me . . . ."

Plaintiff commenced suit against the District on December 6, 2021, alleging breach of contract, invasion of privacy, emotional distress, and violations under OPRA.

On December 23, 2021, the District moved to transfer venue to Ocean County. On January 6, 2022, plaintiff filed "partial opposition" as to the OPRA claim, pursuant to N.J.S.A 47:1A-6, arguing he was entitled to "institute a proceeding to challenge the custodian's decision by filing an action in Superior Court . . . ."

On February 22, 2022, after oral argument, the court issued an order and accompanying memorandum of decision granting the District's motion to transfer venue as to all claims except plaintiff's OPRA claim, which remained pending in Atlantic County. On March 5, 2022, plaintiff amended his complaint

4

to reflect only the OPRA claim. After a conducting case management conference, issuing a briefing schedule, and hearing argument, the court issued an order and accompanying memorandum of decision on June 15, 2022, denying plaintiff's OPRA application.

The court determined that plaintiff's seven requests all sought essentially the same records: cell phone recordings and associated metadata recorded by his former students. Thus, the court found the October 23, 2020 denial of plaintiff's first request to be the accrual date under OPRA for filing a challenge to the denial of the OPRA request. Because plaintiff's complaint was filed on December 6, 2021, the court held it was time-barred by the applicable statute of limitations, finding:

> the [p]laintiff submitted seven (7) OPRA requests seeking the same videotapes and associated metadata, but phrased the requests differently. The [p]laintiff was specifically focused on the audio [and] visual recordings that were surreptitiously made of him at the [d]efendant's high school, as well as the associated metadata. The [c]ourt finds [p]laintiff made continued requests for the same recordings on each occasion beginning on September 17, 2020. The [c]ourt further finds the [District] denied the request on October 23, 2020. Accordingly, the [p]laintiff was required to file this [c]omplaint in Superior Court by Monday, December 7, 2020. Since the [p]laintiff did not file within the required time period, the [c]ourt finds the [p]laintiff is time barred by the statute of limitations.

A-0217-22

Ultimately, the court found plaintiff's complaint, filed on December 6, 2021, was untimely, having been filed more than forty-five days following the District's denial of plaintiff's first OPRA request.

On appeal, plaintiff argues the dismissal of his complaint based on statute-of-limitations grounds was premature and deprived him of due process. Further, he argues that the court erred by relying upon the District's October 23, 2020 denial letter as the accrual date for the applicable forty-five-day statute of limitations.

Our review of a Rule 4:6-2(e) motion to dismiss for failure to state a claim upon which relief can be granted is de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). We "apply[] the same standard under Rule 4:6-2(e) that governed the motion [judge,]" Wreden v. Township of Lafayette, 436 N.J. Super. 117, 124 (App. Div. 2014), that is, whether the pleadings even "suggest[]" a basis for the requested relief, Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).

We "must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference

6

of fact.'" Dimitrakopoulos, 237 N.J. at 108 (quoting Printing Mart-Morristown, 116 N.J. at 746). "A complaint should be dismissed for failure to state a claim pursuant to Rule 4:6-2(e) only if 'the factual allegations are palpably insufficient to support a claim upon which relief can be granted.'" Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010) (quoting Rieder v. State Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)). Where a complaint raises statutory and regulatory legal issues, we afford no special deference to the trial court's interpretation of the law and the legal consequences that flow from established facts. L.R. v. Camden City Pub. Sch. Dist., 452 N.J. Super. 56, 82 (App. Div. 2017).

As an initial matter, it is undisputed that plaintiff filed the first OPRA request on September 17, 2020, seeking: "electronic copies of the three audio [and] video recordings surreptitiously made of me at your high school by the students" and "all of the metadata associated with the above recordings." By way of letter dated October 23, 2020, the District denied this request stating that the records were not public records subject to OPRA disclosure and that "[i]n this instance you are seeking three audio/video recordings made by students in a high school class, which show you. These would not be public records subject to OPRA . . . ."

A-0217-22

Following the District's denial of his September 17, 2020 request, plaintiff filed six additional OPRA requests seeking essentially the same records; with the final request on April 11, 2022, for "[o]nly those portions of the metadata associated with each of the three . . . audio and videotapes taken of me . . . ."

N.J.S.A. 47:1A-6 sets forth the procedure for requestors challenging a decision of an OPRA custodian:

> A person who is denied access to a government record by the custodian of the record, at the option of the requestor, may:
>
> institute a proceeding to challenge the custodian's decision by filing an action in Superior Court which shall be heard in the vicinage where it is filed by a Superior Court Judge who has been designated to hear such cases because of that judge's knowledge and expertise in matters relating to access to government records; or in lieu of filing an action in Superior Court, file a complaint with the Government Records Council established pursuant to [L. 2001, c. 404, § 8.]
>
> The right to institute any proceeding under this section shall be solely that of the requestor. Any such proceeding shall proceed in a summary or expedited manner. The public agency shall have the burden of proving that the denial of access is authorized by law. If it is determined that access has been improperly denied, the court or agency head shall order that access be allowed.
>
> [N.J.S.A. 47:1A-6.]

"Beyond that, the Legislature specifically deferred to the Supreme Court of New Jersey to adopt court rules 'necessary to effectuate the purposes of this act.'" Mason v. City of Hoboken, 196 N.J. 51, 68 (2008) (quoting N.J.S.A. 47:1A-12).

In Mason, our Supreme Court established the appropriate statute of limitations for filing an action in Superior Court challenging the decision of an OPRA custodian. Id. at 70. In this seminal case, the Court determined that "[i]n light of the statute's history and purpose, as well as longstanding New Jersey precedent, we find that OPRA actions have a [forty-five] day statute of limitations, consistent with actions in lieu of prerogative writs," id. at 57, and that "if the requestor elects to file an action in Superior Court, the application must be brought within forty-five days of the denial," id. at 70 (quoting N.J.S.A. 47:1A-6). The Court explained that "[j]ust as OPRA calls for the rapid response of an agency to any record request, a requestor should also be required to make a prompt decision whether to file suit." Id. at 69.

Applying the forty-five-day timeline to this case, plaintiff would have had to file his complaint in Superior Court by December 7, 2020, forty-five days from October 23, 2020, when he first received the denial letter from the custodian of records. However, he did not file his complaint until December 6,

2021, almost one year later, prompting the court to dismiss his complaint as untimely.

Plaintiff disputes that the October 23, 2020 date is correct for purposes of the statute of limitations. Focusing on one of his requests, plaintiff asserts that his "OPRA request was made on November 15, 2021" and argues that the court should have found the subsequent denial that "was either made on that, or a subsequent, date," relevant to determining the applicable limitations period, though the only denial in the record is the District's custodian of records' response to plaintiff's first OPRA request and neither party provided any additional denials related to plaintiff's six subsequent requests.

Even so, Dalnoky cannot pick and choose denial dates in order to make his complaint timely. As the requests between September 17, 2020, and November 15, 2021, sought identical materials with only slight grammatical variation to the requests after the initial denial,[1] the forty-five-day statute of limitations began with defendant's written denial of plaintiff's first request, dated

---

[1] Compare "electronic copies of the three audio [and] video recordings surreptitiously made of me at your high school by the students" and "all of the metadata associated with the above recordings," with "[a]ll documents in whatever form, including electronic, with respect to the surreptitious audio and videotapes made of me . . . including the metadata."

October 23, 2020. Plaintiff references this date in his complaint and does not dispute his knowledge of the denial on that date.

Accordingly, we are not persuaded by plaintiff's argument that a later date is applicable because of his subsequent OPRA requests seeking the same information he sought in his first request, or that the court was otherwise required to use the November 15, 2021 date for statute-of-limitations purposes. To allow plaintiff to start a new forty-five-day period by simply making an identical request would frustrate the purpose of the statute of limitations. Mason, 196 N.J. at 70 (stating that "[a] 45-day time frame also provides certainty and repose to public bodies faced with numerous OPRA requests. At the same time, it offers the public ample opportunity to challenge a denial of access.").

We therefore conclude that the statute of limitations began to run on October 23, 2020, with the denial letter from the District's custodian of records and plaintiff's complaint was untimely, having been filed over one year later on December 6, 2021. Having missed the forty-five-day deadline to file a complaint challenging the District's initial October 23, 2020 denial of his OPRA request, plaintiff's subsequent six requests for all or portions of the identical purported government records under OPRA did not restart the limitations period clock.

11

Plaintiff's remaining arguments are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0217-22